RECEIVED
2020 AUG 31 A 11:24
DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FLORAETTA BRAXTER | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CIVIL ACTION No.: 2:20-cv-638 |
| | ) |
| DOLLAR GENERAL, | ) |
| DOLGENCORP, LLC, | ) |
| | ) |
| DEFENDANT. | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant Dolgencorp, LLC, the only properly named defendant in this action, and the only Defendant served in this action and, pursuant to 28 U.S.C. § 1446, gives notice of removal of this cause from the Circuit Court of Montgomery County, Alabama to the United States District Court for the Middle District of Alabama. Dolgencorp, LLC has the approval and consent of the improperly named Defendant Dollar General Store #471 to remove this action. There is no legal entity named Dollar General Store #471, as Dollar General Store is merely a numerical designation for the Dolgencorp, LLC store in which she alleges she

suffered her injuries. As grounds for removal of this case, Defendant states that removal is proper under 28 U.S.C. §§ 1332, 1441, and 1446, and shows as follows:

1. This suit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

2. Plaintiff Floraetta Braxter filed this lawsuit on July 28, 2020 in the Circuit Court of Montgomery County, Alabama where it was assigned Civil Action No.: 03-CV-2020-900954.00. A true and correct copy of the Complaint is found in the complete state court file for Civil Action No. 03-CV-2020-900954.00 and is attached to, fully incorporated with and marked as Exhibit A to this Notice of Removal.

3. This Notice of Removal is filed in the United States District Court for the Middle District of Alabama, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. § 1446(a).

4. Plaintiff served Defendant with the Summons and Complaint on July 30, 2020. This Notice of Removal is filed within thirty (30) days of service upon Defendant. Therefore, removal is timely under 28 U.S.C. § 1446(b).  A true and correct copy of the Return of Service is attached to, incorporated with and marked as Exhibit B to its Notice of Removal.

5.  According to the Complaint, Plaintiff is, and was at the time Plaintiff filed its Complaint, an adult resident of Wetumpka, Alabama. (Exhibit A: Compl. at 1, ¶1.) Defendant is now, and was at the time Plaintiff filed its Complaint, a limited liability company organized under the laws of the State of Kentucky with its principal place of business in Goodlettsville, Tennessee. Dolgencorp, LLC ("Dolgencorp") is the only properly named defendant in this action. The sole member of Dolgencorp, LLC is Dolgencorp, LLC-Tennessee, which is located and domiciled in the State of Tennessee. (*Id.*, ¶2.) Although the Complaint names fictitious parties as defendants, the possible domicile or location of fictitious parties should not be considered when determining whether complete diversity of citizenship exists. 28 U.S.C. § 1441(b)(1). *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). There is complete diversity of citizenship in this case. Thus, this case is removable pursuant to 28 U.S.C. § 1441(a), because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

6.  Although evidentiary submissions are not required, there is substantial evidence that the amount in controversy exceeds $75,000.000, exclusive of interests and costs. Plaintiff's Complaint states that, "Ms. Braxter was walking down an aisle and was caused to fall when she stepped into a puddle of water." (Exhibit A: Compl. at 1, ¶6.) Plaintiff claims that Dolgencorp acted negligently and wantonly in allowing a hazardous condition on its floor. (Exhibit A: Compl. at 2, ¶¶6-9.)

Plaintiff's Complaint claims she suffered significant injuries, including: a torn ligament in her left hip; impingement syndrome with Complex Regional Pain Syndrome in her shoulder; two surgeries with a third surgery expected; painful rehabilitation and therapy; and, physical injuries, medical expenses, lost wages, pain and mental anguish and permanent injury.: (Exhibit A: Compl. at ¶¶7-10.)Plaintiff seeks an unspecified amount of compensatory and punitive damages for negligence, wantonness, and spoliation of evidence. (Exhibit A: Compl. *ad damnum* clause.)

7. Plaintiff's Complaint does not contain a specific allegation as to the amount of its claimed damages. When a complaint does not state the amount in controversy, a notice of removal may do so. 28 U.S.C. § 1446(2)(A). *See also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (*quoting Williams v. Best Buy, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.")). A defendant need only make a short and plain statement of the grounds for removal. *Dart Cherokee Basin Operating Company, LLC, et al. v. Owens*, 135 S. Ct. 547, 551 (2014) ("a statement 'short and plain' need not contain evidentiary submissions."). A removing party "must only show that the amount in controversy more likely than not exceeds the jurisdictional requirement," *Bullock v. United Benefit Ins. Co.*, 165 F.Supp.2d 1255,

4

1258–59 (M.D.Ala.2001) (DeMent, J.). "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754.

8.   The Eleventh Circuit permits a district court to determine whether a case is removable based on "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings. *Id.* "[W]hen a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requiremen[t], it need not give credence to a plaintiff's representation that the value of the claim is indeterminate." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010). At least one court has interpreted the most recent amendment to 28 U.S.C. § 1446 as a clear statement of Congressional intent to slow down, if not prevent, federal courts from remanding diversity cases where there is no *ad damnum* clause, but where the parties and the court know from their exercise of good sense and experience that the claim exceeds $75,000.00. *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333 (N.D. Ala. 2012). Otherwise, a "mini-trial would be required in every diversity case removed pursuant to 28 U.S.C. § 1446(c)(2)(A) and (B)." *Id.* at 1334.

9.   While the Complaint does not specify the amount of damages sought, it can be reasonably concluded that Plaintiff's claim exceeds $75,000.00. Plaintiff is an adult individual residing in Wetumpka, Alabama (Exhibit A: Compl. at 1.)

5

According to Plaintiff's Complaint, Plaintiff suffered multiple injuries requiring two surgeries with an expectation of a third surgery. Plaintiff seeks damages for bodily injuries, medical expenses, lost wages, pain and mental anguish, and permanent injury. (Ex. A Compl. at ¶¶7-10.) Based on the fact that Plaintiff asserts this list of injuries and damages, it is reasonable to infer Plaintiff's claims from that "more likely than not" result in damages exceeding the jurisdictional limits of this court. *See Bullock*, 165 F. Supp. 2d at 1258–59 (A removing party "must only show that the amount in controversy more likely than not exceeds the jurisdictional requirement.").

10.   Plaintiff also asserts claims for punitive damages in its Complaint. "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (citations omitted).   Alabama law permits an award of punitive damages in an amount three times the compensatory damages awarded or $500,000.00, whichever is greater. *See* ALA. CODE § 6-11-20(a) (providing for an award of punitive damages where a defendant consciously or deliberately engaged in fraud); ALA. CODE § 6-11-21(a) (capping punitive damages as indicated above). Moreover, an Alabama federal court has found that any a punitive damages award that is "reasonably aimed at punishing a large company's fraudulent behavior [would

have to be substantial]." *Battle v. Nationwide Mut. Fire Ins. Co.*, No. 2:19-CV-01348-SGC, 2020 WL 978807, at *4 (N.D. Ala. Feb. 28, 2020) (*quoting Roe v. Michelin North America, Inc.*, 637 F. Supp. 2d 995, 998 (M.D. Ala. 2009), *aff'd*, 613 F.3d 1058 (11th Cir. 2010) ("any award that is soundly and honestly calculated to punish and deter [a large company's] wanton behavior ... would have to be substantial.")).

11.     Plaintiff has claimed punitive damages in her *ad damnum* clause following ¶25 of her Complaint. Where a plaintiff asserts punitive damages against a business defendant, punitive damages may be awarded and, where the defendant is a business entity, punitive damages can be substantial, in spite of the statutory damages cap.     *See, e.g., Target Media Partners Operating Co., LLC v. Specialty Mktg. Corp.*, 177 So. 3d 843 (Ala. 2013) (Affirming judgment entered against magazine distributor in favor of publisher for compensatory damages of $851,552 for breach of contract, punitive damages of $630,000 for promissory fraud, and punitive damages of $503,400 for fraudulent misrepresentation); *Patel v. Patel*, 708 So.2d 159 (Ala. 1998) (Affirming judgment entered on jury verdict for $85,908.00 in compensatory damages and $225,000 in punitive damages, a 2.6:1 ratio as reasonable where purchasers of motel sued seller for breach of contract and fraudulent misrepresentation); *Scroggins Complete Lighting Source, Inc. v. Deng Victor DM Technology & Energy, Inc.*, 28 Nat. J.V.R.A. 5:C9, 2013 WL 3214070,

Circuit Court of Jefferson County, Alabama, CV-2007-000563 (Apr. 3, 2013) (Jury verdict in favor of inventor in the amount of $1.5 million in compensatory damages for fraud, $1.5 million in punitive damages for fraud and $4,750 in compensatory damages for breach of contract).

12. Plaintiff has made specific factual allegations that, combined with reasonable inferences and reasonable extrapolations, establish that the amount in controversy in this case exceeds the jurisdictional minimum. *Pretka*, 608 F.3d 753-54. While Defendant denies that the Plaintiff is entitled to any recovery whatsoever, the amount in controversy exceeds $75,000, exclusive of interest and costs, as evidenced by the allegations in the Complaint and the exercise of good sense and experience. If Plaintiff contests Defendant's allegations that the requisite amount in controversy is present, Defendant requests the opportunity for both sides to submit proof so that the court can decide, by a preponderance of the evidence whether the requirements have been satisfied. *See Dart*, 135 S.Ct. at 554.

13. The matter in controversy exceeds $75,000 exclusive of interest and costs. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

14. This suit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

15. Notice of this Removal is being filed with the Clerk of the Circuit Court of Montgomery County, Alabama as provided by law. A true and correct copy of

Defendant's Notice of Filing Notice of Removal is attached to, incorporated with and marked as Exhibit C to this Notice of Removal.

16. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of this Court's jurisdiction.

17. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Dolgencorp's right to assert any defense or affirmative matter including any procedural or substantive defense available.

18. For these reasons, Defendant prays that this Court will consider this Notice of Removal as provided by law governing the removal of cases to this Court, make the proper orders to achieve the removal of this case from the Circuit Court of Montgomery County, Alabama to this Court, and exercise jurisdiction over this matter.

Respectfully submitted on this, the 31st day of August, 2020.

RICK D. NORRIS (ASB-0494-R81R)
RICHARD E. SMITH (ASB-6536-M69R)

Attorneys for Dolgencorp, LLC

OF COUNSEL:
CHRISTIAN & SMALL LLP
505 20th Street North
Suite 1800
Birmingham, AL 35203
Telephone: (205) 795-6588
Fax: (205) 328-7234
Email: rdnorris@csattorneys.com
       resmith@csattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was hand filed with the Clerk of Court and I have mailed by United States Postal Service the document to the following on this the 31st day of August, 2020:

> Gayle Douglas
> Heninger, Garrison & Davis, LLC
> P.O. Box 11310
> Birmingham, AL 35202

_____
OF COUNSEL