ELECTRONICALLY FILED
7/28/2020 4:23 PM
03-CV-2020-900954.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| FLORAETTA BRAXTER, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| vs. | } | CV No.: _____ |
| | } | |
| DOLLAR GENERAL, DOLGENCORP, LLC | } | |
| FICTITIOUS PARTIES | } | |
| "1- 15;" | } | |
| | } | |
| Defendants. | } | |

There may be other entities whose true names and identities are unknown to the Plaintiff at this time who may be legally responsible for the claim(s) set forth herein who may be added by amendment by the Plaintiff when their true names and identities are accurately ascertained by further discovery. Until that time, the Plaintiff will designate these parties in accordance with ARCP 9(h). The word entity as used herein is intended to refer to and include any and all forms of individuals, partnerships, any and all types of corporations and unincorporated associations. The symbol by which these party defendants are designated is intended to include more than one in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one "entity." In the present action, the party defendants which the Plaintiff must include by descriptive characterization are as follows: **FICTITIOUS DEFENDANT NO. 1:** the proper legal designation for Defendant Dolgencorp, LLC., and/or Dollar General; **FICTITIOUS DEFENDANT NO. 2-3:** the proper legal designation for the entity which owns and/or operates a business known as Dolgencorp, LLC., and/or Dollar General in Montgomery County, Alabama; **FICTITIOUS DEFENDANTS NO. 4-6:** whether singular or plural being that person or persons responsible for hiring, training, and/or supervising employees of any fictitious or named defendant prior to and on the occasion of the incident made the basis of this lawsuit; **FICTITIOUS DEFENDANTS NO. 7-9:** whether singular or plural being that individual(s), entity or entities who or which were responsible for maintaining a safe and clean environment in the business on the occasion of the incident made the basis of this lawsuit; **FICTITIOUS DEFENDANTS NO. 10-12:** whether singular or plural being those persons, corporations or other legal entities, who owned, leased, rented or otherwise controlled the premises on which the plaintiff was injured on the occasion of the incident made the basis of this lawsuit; **FICTITIOUS DEFENDANTS NO. 13-15:** whether singular or plural being those persons, corporations or other legal entities who were acting individually or by and through their agents, servants or employees, whose negligence and/or wantonness proximately caused or contributed to the personal injuries and damages to the plaintiff on the occasion of the incident made the basis of this lawsuit. Plaintiff avers that the identities of all the foregoing fictitious party defendants are otherwise unknown to the Plaintiff at this time, or, if their names are known to the Plaintiff at this time, their identities as proper party Defendants are not known at this time, but whose true and correct names will be substituted when ascertained.

1

### COMPLAINT

### PARTIES

1. Plaintiff, Floraetta Braxter, is an adult resident of Wetumpka, Alabama.

2. Defendant, Dolgencorp, LLC is a Kentucky limited liability company and operating a business in Montgomery County, Alabama. Based upon belief and information, Dolgencorp, LLC and/or Dollar General is the entity which operates Dollar General Store #471, located at the address: 5456 Atlanta Highway, Montgomery, Alabama 36109.

3. Fictitious Defendants "1 through 15," whether singular or plural, individual or corporation, who are either Alabama corporations, foreign corporations or other entities that participated in the conduct that led to Plaintiff's injuries.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this action as the minimum amount in controversy is present. Venue is proper in this Court pursuant to Alabama Code Sections 6-3-2 and 6-3-7.

### STATEMENT OF FACTS

5. On or about July 29, 2018, Floraetta Braxter was a business visitor and therefore an invitee at Dollar General Store # 471.

6. As a patron of the store, Ms. Braxter was walking down an aisle and was caused to fall when she stepped into a puddle of water. Defendants knew or, by the exercise of reasonable care, should have known of the hazardous condition on the Defendant's floor, and should have realized that the floor's condition posed an unreasonable risk of harm to invitees, such as Plaintiff. Defendant should have expected that invitees walking on the floor would not discover or realize the danger or would fail to protect themselves against the danger. Defendant failed to exercise

2

reasonable care to protect invitees against the danger.

7.     At all times pertinent hereto, Defendant failed to exercise reasonable care to inspect for hazardous conditions on its floor, or to take adequate steps to remedy and/or warn customers of such hazards. Defendant was negligent and wanton in failing to inspect the floor for hazards.

8.     At all times pertinent hereto, Defendant failed to train and/or supervise its employees to look for potential hazards on the floor or to timely clean up spills. Defendant was negligent and wanton in failing to properly train and/or supervise its employees.

9.     The incident which caused Plaintiff's injury could have been prevented with periodic inspection, cleaning and suitable warnings and was of a type which would not ordinarily occur in the absence of negligence or wantonness.   Furthermore, the dangerous condition which caused Plaintiff's injury was under the exclusive control of the Defendants.   The incident which caused Plaintiff's injury is not attributable to any negligence on Plaintiff's part.

10.    As the direct and proximate result of Defendants' negligence and/or wantonness and the Defendants' failure to remedy or warn of the dangerous condition, Ms. Braxter slipped on Defendant's floor and suffered significant injuries. She suffered a torn ligament in her left hip and impingement syndrome with Complex Regional Pain Syndrome in her shoulder.  She was made to undergo two surgeries and a third is expected. She was made to endure months of painful rehabilitation and therapy.  She has suffered, and continues to suffer, physical injuries, medical expenses, lost wages, pain and mental anguish and permanent injury.

11.    As a result of said injuries, the Plaintiff has received, and will in the future continue to receive, medical and hospital care and treatment provided by and through the United States of America. The Plaintiff, for the sole use and benefit of the United States of America, under the provisions of 42 U.S.C. 2651-2653 et. seq. and 10 U.S.C. 1095, and with its express consent,

3

asserts a claim for the cost of said medical and hospital care and treatment and the value of future care.

### COUNT I - NEGLIGENT/WANTON FAILURE TO MAINTAIN, REMEDY, WARN OR INSPECT

12.    Plaintiff incorporates the proceeding paragraphs as if fully set forth herein.

13.    Plaintiff further alleges that Defendants and their agents and/or employees were negligent and/or wanton in failing to maintain the premises in a safe manner.  Defendants were aware or should have been aware that failing to provide a safe walkway would present a dangerous condition to invitees.  As a proximate result of such conduct, Ms. Braxter suffered damages as outlined above.

14.    Plaintiff further avers that Defendants and their agents and/or employees were negligent and/or wanton in failing to make reasonable inspections and discover hazardous conditions on their premises.  Defendants had an obligation to inspect for and eliminate hazardous conditions on their premises.  As a proximate result of Defendants' failure to do so, Ms. Braxter suffered damages as set forth above.

15.    Plaintiff further avers that Defendants and their agents failed to take adequate steps to warn of the hazard.   As a proximate result of Defendants' failure to do so, Ms. Braxter suffered damages as set forth above.

### COUNT II - NEGLIGENT/WANTON FAILURE TO TRAIN OR SUPERVISE

16.    Plaintiff incorporates the proceeding paragraphs as if fully set forth herein.

17.    At all times pertinent hereto, Defendants negligently and wantonly failed to adequately staff the store and failed to train their employees on how to handle hazards on the premises.

4

18.    Defendants failed to adequately supervise their employees to makes sure that inspections were being conducted and that routine and specific maintenance was being completed. As a proximate result of Defendants' failure to do so, Ms. Braxter suffered damages as set forth above.

### COUNT III - NEGLIGENT/WANTON SPOILATION OF EVIDENCE

19.    Plaintiff incorporates the proceeding paragraphs as if fully set forth herein.

20.    The employees and a manager were present at the time of Plaintiff's fall and were aware of the incident and injuries.

21.    On August 3, 2018, a letter was hand delivered to Dollar General Store #471 making them aware that all video footage needed to be preserved.  The employee at Dollar General Store #471 refused to take possession of the spoliation letter.

22.    Upon information and belief, the video footage for the day of the injury has not been preserved and no longer exists.

23.    Defendants negligently and wantonly breached their duty to preserve video footage which showed the fall and the time surrounding the fall.

24.    The video footage is vital to Plaintiff's pending litigation against the Defendants.

25.    Because of Defendants' negligent and wanton conduct, the evidence has been lost and/or destroyed and Plaintiff is disadvantaged in proving her case.

WHEREFORE Plaintiff demands judgment against Defendants, separately and severally, in such sums of compensatory and punitive damages as a jury may assess after a full and fair consideration of the facts.

/s/*Gayle L. Douglas*
GAYLE L. DOUGLAS [DOU012]
Attorney for Plaintiff

5

*Of Counsel:*
HENINGER GARRISON DAVIS, LLC
2224 1ST Avenue North
Post Office Box 11310 (35202)
Birmingham, Alabama 35203
205.326.3336 (phone)
205.326.3332 (facsimile)
gdouglas@hgdlawfirm.com

## JURY DEMAND

Plaintiff demands trial by struck jury on all issues raised herein.

/s/ Gayle L. Douglas
GAYLE L. DOUGLAS [DOU12]
Attorneys for Plaintiff

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL:**

**Dolgencorp, LLC**
**c/o CSC Lawyers Service, Inc.**
**641 S. Lawrence Street**
**Montgomery, AL   36104**

**Dollar General Store #471**
**5456 Atlanta Highway**
**Montgomery, AL 36109**