IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FLORAETTA BRAXTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 2:20-cv-638-ECM |
| ) | [WO] |
| DOLGENCORP, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

**I.  INTRODUCTION**

In July 2018, Floraetta Braxter slipped and fell in a Dollar General retail store in Montgomery, Alabama.  She then filed an action in Alabama state court claiming damages based on negligence, wantonness, and spoliation of evidence.  Dolgencorp, LLC ("Dolgencorp"), the entity operating the Dollar General store, removed her action to this Court.  Following the completion of discovery, Dolgencorp filed a motion for summary judgment (doc. 42), which Ms. Braxter opposed (doc. 48).  That motion is now ripe for review.  Upon consideration of the briefs, evidence, and applicable law, and for the reasons that follow, Dolgencorp's motion is due to be GRANTED.

**II.  JURISDICTION**

The citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. (Doc. 1).  Therefore, the Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332.  Personal jurisdiction

and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

### III.  LEGAL STANDARD

"Summary judgment is proper if the evidence shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1311 (11th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). "[A] court generally must 'view all evidence and make all reasonable inferences in favor of the party opposing summary judgment.'" *Fla. Int'l Univ. Bd. of Trs. v. Fla. Nat'l Univ., Inc.*, 830 F.3d 1242, 1252 (11th Cir. 2016) (citation omitted). However, "conclusory allegations without specific supporting facts have no probative value." *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 924–25 (11th Cir. 2018) (citation omitted). If the record, taken as a whole, "could not lead a rational trier of fact to find for the non-moving party," then there is no genuine dispute as to any material fact. *Hornsby-Culpepper*, 906 F.3d at 1311 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The movant bears the initial burden of demonstrating that there is no genuine dispute as to any material fact, and the movant must identify the portions of the record which support this proposition. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); Fed. R. Civ. P. 56(c).  The movant may carry this burden "by demonstrating that the nonmoving party has failed to present sufficient evidence to support an essential element of the case." *Hornsby-Culpepper*, 906 F.3d at 1311.  The burden then shifts to the non-moving party "to establish, by going beyond the pleadings, that a genuine issue of material

fact exists." *Id.* at 1311–12.  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.  Non-movants must support their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B).

In determining whether a genuine issue for trial exists, the court must view all the evidence in the light most favorable to the non-movant. *Fla. Int'l Univ. Bd. of Trs.*, 830 F.3d at 1252.  Likewise, the reviewing court must draw all justifiable inferences from the evidence in the non-moving party's favor.  *Id.*  However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam).

## IV.  FACTS

Dolgencorp owns and operates several Dollar General retail stores throughout Montgomery, Alabama.  On July 29, 2018, a sunny day, Ms. Braxter entered one of Dolgencorp's stores, spoke with a staff member, and proceeded down the swimsuit aisle to purchase a swimsuit for her grandson.  She was not looking down at the floor beneath her.  Rather, she focused on the merchandise on the shelves.  While walking down the aisle, Ms. Braxter slipped on a wet substance on the floor and fell on her left side.  Part of the nearby

shelving fell on top of her. As she began to pick up fallen products and items strewn from her purse, she noticed liquid on the floor. It was not puddled together, and it contained track marks, as though someone had previously walked through the liquid.

Another customer, Angie Brown, came to check on Ms. Braxter.[1] The two had a short conversation about the fall. Ms. Brown, who did not see Ms. Braxter slip, wanted to ensure that Ms. Braxter was not injured. Ms. Braxter then arose to find her dress wet from the substance and her left side in pain from the fall. According to her testimony, Ms. Braxter approached a Dollar General employee at the register, limping and crying. The employee cleaned up the substance on the floor with paper towels. Ms. Braxter then remained in the store to complete an incident report and purchase the swimsuit she had been looking for.

Ms. Braxter sought medical care the next morning. After visiting with multiple healthcare providers, she was diagnosed with a tear in the labrum of her left hip and underwent two surgical procedures for her injuries. Ms. Braxter eventually filed her complaint in the Circuit Court of Montgomery County, Alabama, asserting three counts: (1) negligent/wanton failure to maintain, remedy, warn, or inspect; (2) negligent/wanton failure to train or supervise; and (3) negligent/wanton spoliation of evidence. Subsequently, Dolgencorp removed the action to this Court before filing the pending motion for summary judgment.

---

[1] Ms. Braxter's recitation of the facts regarding other customers in the store is inconsistent. In her response brief, she claims that she did not see other customers in the store. (Doc. 48 at 5, 11, 12, and 14). Part of her deposition testimony echoes this claim. (Doc. 42-1 at 11; 35:17). However, elsewhere in her deposition, she testified that another customer in the store came to check on her after she fell. (*Id.* at 18; 63:17–19 and at 19; 65:16–23).

## V. DISCUSSION

Dolgencorp moves to dismiss all claims against it. In her response in opposition to Dolgencorp's motion for summary judgment, Ms. Braxter concedes that she cannot prove her claims of wantonness, failure to train or supervise, and spoliation. (Doc. 48 at 3). The Court agrees. Therefore, the sole claim left to analyze is that in Count I: negligence. As described below, Ms. Braxter fails to produce evidence sufficient to create a genuine dispute of a material fact. Accordingly, Dolgencorp's motion for summary judgment is due to be granted in its entirety.

Ms. Braxter claims that the injuries sustained from her slip and fall are due to Dolgencorp's negligence in failing to keep the store floor free of slipping hazards. Under Alabama law,[2] negligence requires proving "(1) that the defendant owed a duty to the plaintiff; (2) that the defendant breached that duty; (3) that the plaintiff suffered a loss or an injury; and (4) that the defendant's negligence was the actual and proximate cause of that loss or injury." *Ford Motor Co. v. Burdeshaw*, 661 So. 2d 236, 238 (Ala. 1995). The elements of a premises liability claim, like the one at issue here, are "the same as those in any tort litigation." *Sessions v. Nonnenmann*, 842 So. 2d 649, 651 (Ala. 2002) (citation omitted).

Alabama law also considers the customer-storekeeper relationship between Ms. Braxter and Dolgencorp. Generally, "a storekeeper is under a duty to exercise reasonable

---

[2] "Federal courts sitting in diversity apply the substantive law of the state in which the case arose." *Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1132 (11th Cir. 2010) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Alabama law applies because the injury occurred in Alabama. *See Sutton v. Wal-Mart Stores E., LP*, 64 F.4th 1166, 1168 (11th Cir. March 31, 2023).

care to provide and maintain reasonably safe premises for the use of [its] customers." *Maddox v. K-Mart Corp.*, 565 So. 2d 14, 16 (Ala. 1990). However, storekeepers are not "insurer[s] of the customer's safety" merely because a customer enters the store. *Id.* Rather, when a plaintiff brings a slip and fall claim, "notice of the presence of the substance must be proven before [the storekeeper] can be held responsible for the injury." *East v. Wal-Mart Stores, Inc.*, 577 So. 2d 459, 460–61 (Ala. 1991) (quoting *Maddox*, 565 So. 2d at 16).

Ms. Braxter may prove notice in one of three ways: (1) showing that Dolgencorp had actual notice of the substance on the floor; (2) showing that the substance was on the floor long enough to impute constructive notice of the substance to Dolgencorp; or (3) showing that Dolgencorp was otherwise delinquent in failing to discover and remove the substance. *See Williams v. Wal-Mart Stores, Inc.*, 584 F. Supp. 2d 1316, 1319 (M.D. Ala. 2008), *aff'd*, 342 F. App'x 478 (11th Cir. 2009);[3] *see also Maddox*, 565 So. 2d at 15; *Cox v. W. Supermarkets, Inc.*, 557 So. 2d 831, 832 (Ala. 1989); *Richardson v. Kroger Co.*, 521 So. 2d 934, 935–36 (Ala. 1988).

## A. Constructive Notice

Ms. Braxter concedes that she cannot establish actual notice. (Doc. 48). Therefore, the Court turns next to constructive notice. In doing so, the Court finds the evidence presented to be insufficient to create a genuine dispute as to whether Dolgencorp had constructive notice of the substance prior to Ms. Braxter's fall.

---

[3] Although the Court recognizes that *Williams* is nonbinding, the Court finds its analysis persuasive.

Ms. Braxter highlights the tracks through the substance and the shape of the liquid as evidence of constructive notice. She argues that these tracks were shoeprints. Additionally, she claims that the substance no longer sat puddled together when she fell, indicating that the substance sat on the floor for an appreciable amount of time. "[T]he doctrine of res ipsa loquitur does not apply to cases like the present." *F.W. Woolworth Co. v. Ney*, 194 So. 667, 669 (Ala. 1940). Instead, to impute to Dolgencorp constructive notice, Ms. Braxter must present "evidence that shows that the hazard has existed on the premises for such a length of time that a reasonably prudent storekeeper would have discovered and removed it." *Hale v. Kroger Ltd. P'ship I*, 28 So. 3d 772, 779 (Ala. Civ. App. 2009) (citing *S.H. Kress & Co. v. Thompson*, 103 So. 2d 171, 174 (Ala. 1957)). Ms. Braxter provides no direct evidence, nor is any required. *See Cash v. Winn-Dixie Montgomery, Inc.*, 418 So. 2d 874, 876 (Ala. 1982). Rather, she relies solely on circumstantial evidence, which may be used to "allow a jury to infer the length of time from the nature and condition of the substance." *Id.*

Not all circumstantial evidence regarding a substance's condition demonstrates that the substance has been on the floor for any appreciable length of time. *See S.H. Kress*, 103 So. 2d at 174 ("Evidence was introduced to the effect that the foreign substance was 'scattered and smeared' and many times bigger than a half-dollar, but such evidence as to the condition and size of the substance would not tend to show that it had been upon the floor for any appreciable length of time."); *see also Cash*, 418 So. 2d at 876 ("There is no evidence in the record whatsoever that the defendant knew the can was on the floor or that the can had been on the floor for such an inordinate length of time as to impute constructive

notice."); *F.W. Woolworth*, 194 So. at 669 ("[T]here is absolutely no evidence tending in the slightest degree to show when or how the banana peel came to be on the floor; no evidence to show that any of the servants or employees either dropped it on the floor, or knew that it was there."). The Court considers whether Ms. Braxter's evidence relies on speculation. If it does, summary judgment is appropriate. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) ("Speculation does not create a genuine issue of fact."); *see also Cook v. Wal-Mart Stores, Inc.*, 795 F. Supp. 2d 1269, 1274 (M.D. Ala. 2011) ("[I]f the summary judgment evidence requires an inference based upon speculation as to the length of time the banana was on the parking lot, then Wal–Mart is entitled to summary judgment.").[4]

Here, viewing the facts in the light most favorable to Ms. Braxter, no jury could reasonably conclude that Dolgencorp had constructive notice because the time that the liquid spent on the floor cannot be deduced by the evidence Ms. Braxter offers. She fails to provide temporal evidence, and the circumstantial evidence she provides rests on speculation and inferences.

### 1. *The Identity of the Substance*

First, Ms. Braxter does not know what she slipped on. The liquid remains an unidentified substance. (Doc. 42-1 at 11; 34:22). Although not dispositive, Ms. Braxter's failure to identify the culprit substance creates a "major hurdle" at the summary judgment

---

[4] Although the Court recognizes that *Cook* is nonbinding, the Court finds its analysis persuasive.

stage. *Dalton v. Target Corp.*, 2019 WL 3574733, at *4 (N.D. Ala. 2019).[5] Substance identification often takes away some of the concerns about temporal speculation. In other words, when the plaintiff knows what they slipped on, length-of-time inferences from the nature and condition of the substance are more reasonable to make. For example, in *Cook*, this Court concluded that a genuine dispute of material fact existed as to how long a banana peel sat on the ground because the banana peel was black, rotten, and had characteristics indicating that it had been sitting out for quite some time. *Cook*, 795 F. Supp. 2d at 1269. Likewise, in *Great Atlantic & Pacific Tea Company v. Popkins*, 260 Ala. 97 (1953), the Alabama Supreme Court reversed a grant of summary judgment against a plaintiff who showed that a leaf of lettuce laying on the store floor was "dirty, crumpled and mashed." *Id.* Similarly, in *Ex parte Travis*, 414 So. 2d 956 (Ala. 1982), a plaintiff survived summary judgment by testifying that he slipped on a brown paper bag with dirt and a footprint on it.

*Maddox v. K-Mart Corp.*, *supra*, relied upon by Ms. Braxter, presents another helpful example. In *Maddox*, the plaintiff slipped on what he and witnesses identified as a puddle of soda (Coke). *Maddox*, 565 So. 2d at 14. The puddle was sticky, and "looked like it was trying to dry" by the time the plaintiff slipped on it. *Id.* The Alabama Supreme Court reversed a grant of summary judgment against the plaintiff because the conditions of the spill "provided evidence from which the trier of fact could infer that the substance had been there long enough that the defendant's employees should have known it was there." *Id.*

---

[5] Although the Court recognizes that *Dalton* is nonbinding, the Court finds its analysis persuasive.

Here, based on the evidence presented, neither party knows what Ms. Braxter slipped on. Ms. Braxter is not sure what kind of liquid she slipped on; she could not say whether the substance was water or something else. (Doc. 42-1 at 11; 34:20–35:1). Nor did she describe any other conditions of the substance such as color, texture, appearance, or adhesiveness like the substance described in *Maddox*. On this record, the unknown substance cannot be described as having spent lengthy time on the floor because its original characteristics remain unknown. *See Dalton*, 2019 WL 3574733, at *4 (explaining that "[i]t is impossible to reasonably infer anything about the qualities of an unknown substance"). Ms. Braxter has not offered enough evidence to provide for a reasonable inference about the length of time that the substance spent on the floor. Without additional evidence, such as that produced in *Maddox*, Ms. Braxter's argument requires speculating that the substance must have spent an appreciable length of time on the floor. Speculation of this sort does not present a genuine issue of fact for a jury to weigh. Accordingly, any inference by a jury that the substance must have spent long enough time on the floor to impute constructive notice to Dolgencorp would be unreasonable.

2. **The Markings and the Shape of the Puddle**

Second, the evidence that Ms. Braxter *does* offer is insufficient to show that the substance was on the floor long enough to reasonably conclude that Dolgencorp should have known about the spill. Ms. Braxter's lack of temporal evidence, coupled with the lack of substance identity, create no genuine factual disputes to weigh at trial. Ms. Braxter argues that because she viewed what she believed to be shoeprints in the liquid, someone must have walked through the substance. Thus, according to Ms. Braxter, the substance

must have been on the ground long enough to give Dolgencorp employees constructive notice of its presence. She cites "testimony that there were no other customers" in the store to bolster her argument and allege that Dolgencorp employees were the ones who "walked through the liquid multiple times." (Doc. 48 at 15). She further points out that the substance's shape (it was not puddled together) aids her contention.

This argument is not supported by the evidence. In her deposition, Ms. Baxter testified that she *did* see another customer, Angie Brown, in the store that day. (Doc. 42-1 at 16; 55:4–9; and at 18; 63:17–19). She also testified that she spoke to Ms. Brown immediately after she fell. (*Id.* at 19; 65:16–23). Regardless, although the presence of tracks may reveal that someone walked through the substance, it reveals nothing about *when* someone walked through the substance. Simply put, Ms. Braxter provides evidence from which a jury could reasonably conclude that someone stepped on the unidentified substance. However, based on the record, a jury could not reasonably conclude that that someone walked through the substance long enough before Ms. Braxter slipped such that Dolgencorp should have known about the spill. The Court is left to speculate whether the tracks occurred hours or "only a few minutes or seconds before the accident." *See F.W. Woolworth*, 194 So. at 669. Without further evidence suggesting "that this offending instrumentality had been on the floor for such length of time as to charge" Dolgencorp, Ms. Braxter's claim fails. *See Id.*

Ms. Braxter further argues that the substance was not puddled together, indicating that someone walked through it. (Doc. 48 at 12). However, this testimony, without additional evidence beyond the markings, does nothing to elucidate the issue of timing. *See*

11

*Hale*, 28 So. 3d at 781 (describing how "other factors beyond the size of the spill should be considered" and highlighting *Maddox* as a good example of providing further evidence to overcome summary judgment); *see also Kenney v. Kroger*, 569 So. 2d 357 (Ala. 1990) (holding that summary judgment for the defendant was inappropriate when the plaintiff had provided evidence that a puddle of Pine-Sol had grown large enough to saturate significant portions of the plaintiff's clothing and that the aisle had not been cleaned for almost two hours prior to the plaintiff's fall.) Unlike *Maddox* or *Kenney*, Ms. Braxter provides nothing else for the Court to consider. She does not provide evidence that the aisle had been recently surveyed by employees, that the puddle was large enough to notice when walking down the aisle (she did not see it till after she fell), or evidence indicating how long it takes for the unknown substance to become dispersed on the floor (water spreads much faster than syrup, for example). She does not say whether she caused the liquid to spread from her fall. Therefore, on this record, Ms. Braxter fails to present sufficient facts from which a jury could reasonably infer that the substance was on the ground for an appreciable length of time such that Dolgencorp had constructive notice of it.

Any conclusions about when the shoeprints occurred or when the substance spread out are impermissibly speculative. Ms. Braxter cannot point to sufficient evidence to show when the shoeprints occurred or how long the puddle spread out because she offers no evidence as to what the liquid is, when the liquid might have hit the floor, when the shoes might have created the tracks, how long the liquid took to expand, or how soon afterward she slipped on the liquid. Without evidence indicating a timeline, there is no genuine

dispute as to how long the substance was on the floor. Consequently, there cannot be a genuine dispute about whether Dolgencorp had constructive notice of the spill.

### B. Otherwise Delinquency

The final option available to Ms. Braxter compels the same conclusion because she fails to present sufficient evidence that Dolgencorp was otherwise delinquent. As this Court has found previously,

> Plaintiffs have been able to show delinquence and survive summary judgment, without length-of-time evidence, in two general categories: cases in which the defendant was responsible for the hazardous substance on the floor; and cases in which the fact that it was raining outside suggests that the defendant should have been aware of the potential for water to collect on the floor.

*Williams*, 584 F. Supp. 2d at 1320. The second category has no application because the weather was sunny on July 29, 2018. (Doc. 42-1 at 9; 27:4–6). Therefore, the Court turns to the first category.

Ms. Braxter argues that "a jury could infer that, because there were no other customers in the store, one of Defendant's employees caused the liquid to be on the floor and walked through it multiple times." (Doc. 48 at 11). This argument ignores the evidence regarding Ms. Braxter's interaction with another customer after her fall and others in the store.[6] It also invites impermissible speculation regarding whether or when other customers may have been in the store relative to her fall. Likewise, she has not presented

---

[6] In its reply brief, Dolgencorp, for the first time, presented photographic evidence regarding customers in the store at or around the time of the incident. (Docs. 49-1, 49-2). However, "where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond." *Atl. Specialty Ins. Co. v. Digit Dirt Worx, Inc.*, 793 F. App'x 896, 901 (11th Cir. 2019). Accordingly, in reaching its conclusion, the Court did not consider Dolgencorp's photographic exhibits attached to its reply brief.

13

evidence that Dolgencorp employees caused the spill or were at fault for the tracks. In short, there is insufficient evidence that Dolgencorp was delinquent such that submission of the case to a jury is unwarranted.

Ms. Braxter relies, to an impermissible degree, on speculation about what happened, what the substance was, when it was spilled, how it was spilled, who spilled it, and how long it sat on the floor before she fell. Accordingly, the evidence fails to present a triable issue of fact regarding constructive notice to or delinquency by Dolgencorp.

## VI.  CONCLUSION

For the reasons stated, it is ORDERED that Dolgencorp's motion for summary judgment (doc. 42) is GRANTED.

A separate final judgment will be entered.

Done this 29th day of September, 2023.

                                          /s/ Emily C. Marks
                                   EMILY C. MARKS
                                   CHIEF UNITED STATES DISTRICT JUDGE